<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

JEMELL RAYAM,

              Petitioner,

      v.

BUREAU OF PRISONS - RRM
PHILADELPHIA,

              Respondent.

Civil Action No. 26-1643 (MAS)

**OPINION**

<u>**SHIPP, District Judge**</u>

      This matter comes before the Court on the habeas petition filed by Petitioner Jemell Rayam pursuant to 28 U.S.C. § 2241. (ECF No. 1.) As Petitioner has paid the filing fee, the Court is required by Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought under § 2241 pursuant to Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed without prejudice.

**I.      <u>BACKGROUND</u>**

      Petitioner is serving a criminal sentence arising out of the District of Maryland. (ECF No. 1-2 at 11.) He is currently on home confinement, under the supervision of the Philadelphia residential reentry management office. (*Id.* at 11-12.) In his habeas petition, Petitioner requests that he be permitted to use credits he earned under the First Step Act to be released from home confinement into his supervised release term. (ECF No. 1 at 1-4.)

Petitioner's current habeas petition is not the first time Petitioner has sought relief in this Court. Petitioner previously filed a habeas petition raising an essentially identical claim. *See Rayam v. U.S. Prison Bureau – RRM Phila.*, No. 25-1922, 2025 WL 1193995, at *1-2 (D.N.J. Apr. 24, 2025). This Court dismissed that petition, explaining as follows:

> In his habeas petition, Petitioner argues that he should be permitted to use [additional] credits he accrued under the First Step Act towards early placement on home confinement and be permitted to apply them towards early "probation," by which this Court presumes he means his early placement on supervised release rather than home confinement. Under the First Step Act, federal prisoners who complete recidivism reduction programs and comply with the Act's requirements are permitted to earn extra credits which can be applied to either an early supervised release or early placement in a residential facility or home confinement rather than in federal prison. *See, e.g., Williams v. Warden, Allenwood Low*, No. 24-1321, 2024 WL 4204277, at *3 (M.D. Pa. Sept. 16, 2024); *see also* 18 U.S.C. § 3632(d)(4). While the statute permits credits to be applied either to early supervised release or placement in a residential facility or home confinement, the application of credits towards supervised release is subject to an absolute maximum: "the Director of the Bureau of Prisons may transfer [a] prisoner to begin [his] term of supervised release at an earlier date, not to exceed 12 months [prior to his standard release date], based on the application of time credits under" the First Step Act. *See* 18 U.S.C. § 3624(g)(3); *Williams*, 2024 WL 42042777, at *3. Thus, once a prisoner has applied 365 days' worth of credit towards early supervised release, he may only apply First Step Act credits towards early placement in a residential facility or home confinement. The credits cannot be used to reduce his sentence or hasten further his placement on supervised release.
>
> Here, Petitioner has already received 365 days' worth of credits towards early supervised release. He cannot earn or apply any further credits under the First Step Act that can lawfully be applied towards his early supervised release, which appears to be Petitioner's goal. The remaining credits Petitioner earned could only be applied towards his early placement in a residential facility or home confinement, which appears to be exactly what has occurred as Petitioner is already placed on home confinement. As Petitioner has already received the maximum number of credits towards early supervised release, and is already on home confinement, he can no longer benefit from any remaining or

2

> additional earned First Step Act credits, and the BOP has not erred in refusing to further hasten his supervised release.

*Rayam*, 2025 WL 1193995, at *1-2.

## II.   **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), a federal court has jurisdiction over a habeas petition and habeas relief may be extended to a petitioner only if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.   **DISCUSSION**

In his habeas petition, Petitioner again requests that he be permitted to apply additional First Step Act credits towards an early placement on supervised release in excess of the 365 days' worth of credits he has already applied towards early supervised release. As this Court previously explained to Petitioner in denying his previous habeas petition, however, the Act is clear that only a *maximum* of 365 days of credit may be applied towards early placement on supervised release, and any excess credits may only be used to lengthen the amount of time spent on home confinement or in a residential facility rather than in prison. *Rayam*, 2025 WL 1193995, at *1-2. As Petitioner has already been permitted to apply the maximum number of credits towards early supervised release, he is statutorily ineligible to apply any further credits to hasten the end of his

home confinement and placement on supervised release.  Petitioner is thus clearly not entitled to the relief he seeks, and his habeas petition must therefore be dismissed.

## IV.    CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.  An order consistent with this Opinion will be entered.

_____

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: 3/18/26

4